IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DENICIA V. ROBERTS**                                                                                                  **PLAINTIFF**

v.                                   Case No. **4:20-cv-00216-KGB**

**MARK BERRY,** *et al.*                                                                                               **DEFENDANTS**

## ORDER

Before the Court is the parties' agreed confidentiality and protective order which the Court construes as a joint motion for protective order (Dkt. No. 39). For good cause shown, the Court grants the joint motion for protective order and enters the parties' agreed confidentiality and protective order (*Id.*). *See* Court's Exhibit A.

It is so ordered this 4th day of March, 2022.

_____
Kristine G. Baker
United States District Judge

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DENICIA V. ROBERTS**                                                            **PLAINTIFF**

**v.**                      **CASE NO. 4:20-CV-00216**

**MAJOR GENERAL MARK BERRY,** *et. al.,*                    **DEFENDANTS**

## CONFIDENTIALITY AND PROTECTIVE ORDER

1. The parties are engaged in discovery production and have identified certain confidentiality concerns related to discovery requests pertaining to personnel files, financial/tax records, and other identifying documents that may contain protected confidential information.

2. That the Court hereby orders that any materials provided by the parties deemed "confidential" or "protected," shall be protected from any further disclosure, dissemination, or review, except as necessary for expert consultation. Any retained expert is also prohibited from any disclosure, dissemination or publication, other than to counsel of record, unless allowed by the Court upon Motion by a party. Counsel must also give prior notice to all counsel of record before disclosing any confidential or protected material to any retained expert.

3. If the parties dispute whether any materials should be designated "confidential" or "protected," counsel should confer in good faith before bringing any such dispute to the Court. If the parties reach an impasse on the designation of a material, they should file a report explaining the disagreement.

4. Information designated as "confidential" or "protected" must not be filed

**Court's Exhibit A**

on the public docket. If practicable, it should be redacted. Fed. R. Civ. P. 5.2. If an entire page contains confidential or protected information, substituting a page marked "redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any confidential or protected information and any related motion, brief, or paper, containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

5.   This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties.

IT IS SO ORDERED.

_____
THE HONORABLE KRISTINE G. BAKER
UNITED STATES DISTRICT COURT