IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DENICIA V. ROBERTS**                                                                                           **PLAINTIFF**

v.                                      Case No. 4:20-cv-00216-KGB

**MARK BERRY,** *et al.*                                                                                         **DEFENDANTS**

## ORDER

Before the Court is the motion to set the deadline for filing dispositive motions and incorporated memorandum brief in support of defendants Mark Berry, Mark McKinnon, Scott Stanger, and Michelle Young-Hobbs, individually and in their official capacities, the Arkansas Department of the Military f/k/a the Arkansas Military Department ("AMD") (collectively "Defendants") (Dkt. No. 47). Defendants state that on February 22, 2022, the Court granted plaintiff Denicia V. Roberts's motion for leave to amend complaint and denied defendants' pending motion for summary judgment (*Id.*, ¶ 1). Defendants point out that in its Order, the Court reserved defendants' right to file a renewed motion for summary judgment after Ms. Roberts filed her amended complaint (*Id.*). Defendants maintain that the Court entered a Second Amended Final Scheduling Order that did not state a deadline for filing dispositive motions, and defendants asks the Court to enter an Order allowing the parties until December 9, 2022, to file dispositive motions so that the case may be resolved before trial (*Id.*, ¶ 2).

In response to defendants' motion to set the deadline for filing dispositive motions, Ms. Roberts states that she has no objection to setting a deadline for filing dispositive motions, but she objects to using the deadline to deny her needed discovery (Dkt. No. 48, ¶ 1). Ms. Roberts requests that the Court set a discovery cut-off date for 45 days prior to the dispositive motions deadline (*Id.*, ¶ 1).

Ms. Roberts states that the parties conducted discovery near the end of the first discovery cut-off date necessitating submitting several important issues to the Court for resolution (*Id.*, ¶¶ 2-3).  Ms. Roberts seeks additional discovery regarding the claims in her amended complaint (*Id.*, ¶ 4).  Specifically, Ms. Roberts seeks the depositions of Ms. Young-Hobbs, Johnny Rodgers, Mr. Stanger, Mr. McKinnon, and Mike Wrobleski, which she asserts are pivotal to the causes of action in her amended complaint (*Id.*).  Ms. Roberts asserts that she did not know until the last round of depositions before the discovery cut-off that Mr. McKinnon played a crucial role in the decision to terminate Ms. Roberts and that Ms. Young-Hobbs has knowledge as to elements of claims of discrimination on the basis of age, race, and sex by Ms. Roberts and others at the AMD (*Id.*).  Ms. Roberts contends that she has discovered that Mr. Wrobleski and Mr. Rodgers have first-hand knowledge of Ms. Roberts's specific claims of discrimination against the AMD (*Id.*).  Ms. Roberts asks that the Court establish a discovery cut-off and a dispositive motion deadline that allows her to take depositions while allowing defendants time to prepare dispositive motions (*Id.*, at 4).

Defendants, Mark Berry, *et al.*, in their reply to Ms. Roberts's response to defendants' motion to set the deadline for filing dispositive motions argues that under the Court's Amended Final Scheduling Order discovery closed on May 21, 2021, and Ms. Roberts did not move to extend the discovery deadline (Dkt. No. 49, ¶ 1).  Defendants also contend that the Court in its February 22, 2022, Order preserved defendants' and not Ms. Roberts's ability to reopen discovery after Ms. Roberts's amended complaint was filed (*Id.*, ¶ 3).  Defendants maintain that Ms. Roberts has already deposed Ms. Young-Hobbs, Mr. Wrobleski, Mr. McKinnon, Mr. Stanger, and Mr. Frost in this case (*Id.*, ¶ 4).  Defendants claim that Ms. Roberts has already had the opportunity to question Mr. Wrobleski and Mr. Rodgers about Ms. Roberts's claims of discrimination against the AMD and to question Mr. McKinnon and Ms. Young Hobbs at their depositions (*Id.*).  Defendants

assert that to allow Ms. Roberts to re-depose all witnesses in this case because she learned new information from another witness would severely prejudice defendants (*Id.*, ¶ 5). Defendants contend that they did not promise Ms. Roberts to schedule any new depositions, and any conversations with prior counsel regarding additional depositions occurred prior to the May 2021 discovery cut-off. Defendants ask that if the Court re-opens discovery, that the Court continue the May 15, 2023, trial and limit the depositions to only newly added issues (*Id.*, ¶ 8).

In her sur-reply, Ms. Roberts acknowledges that the individuals she seeks to depose have already been deposed, but Ms. Roberts argues that there are "essential facts which changed everything." (Dkt. No. 52, at 1). Ms. Roberts states that before the individual deponents were deposed previously, they were served with subpoenas *duces tecum* instructing them to bring certain documents to their depositions, including personnel files. Ms. Roberts maintains that when the individual deponents were asked about the subpoenas at their depositions, the deponents acknowledged receipt of the subpoenas but stated that they did not bring the requested documents because "they were instructed by the Arkansas Military Department's in-house counsel not to produce the documents, including personnel files." (*Id.*). Ms. Roberts asserts that because the discovery cut-off was close at hand, she had no choice but to proceed with the depositions (*Id.*). Ms. Roberts states that she later filed a motion to compel asking for production of the personnel files, which the Court granted in an Order dated February 22, 2022 (*Id.*, at 2). Additionally, Ms. Roberts contends that, at some point after the Court's February 22, 2022, Order, she discovered a recording of a conversation between herself and Mr. Rodgers and advised counsel for defendants that it was pivotal to depose Mr. Rodgers regarding the recording (*Id.*). Ms. Roberts argues that she has a right to depose essential witnesses regarding meaningful documentary evidence that she obtained after the Court entered its February 22, 2022, Order.

assert that to allow Ms. Roberts to re-depose all witnesses in this case because she learned new information from another witness would severely prejudice defendants (*Id.*, ¶ 5). Defendants contend that they did not promise Ms. Roberts to schedule any new depositions, and any conversations with prior counsel regarding additional depositions occurred prior to the May 2021 discovery cut-off. Defendants ask that if the Court re-opens discovery, that the Court continue the May 15, 2023, trial and limit the depositions to only newly added issues (*Id.*, ¶ 8).

In her sur-reply, Ms. Roberts acknowledges that the individuals she seeks to depose have already been deposed, but Ms. Roberts argues that there are "essential facts which changed everything." (Dkt. No. 52, at 1). Ms. Roberts states that before the individual deponents were deposed previously, they were served with subpoenas *duces tecum* instructing them to bring certain documents to their depositions, including personnel files. Ms. Roberts maintains that when the individual deponents were asked about the subpoenas at their depositions, the deponents acknowledged receipt of the subpoenas but stated that they did not bring the requested documents because "they were instructed by the Arkansas Military Department's in-house counsel not to produce the documents, including personnel files." (*Id.*). Ms. Roberts asserts that because the discovery cut-off was close at hand, she had no choice but to proceed with the depositions (*Id.*). Ms. Roberts states that she later filed a motion to compel asking for production of the personnel files, which the Court granted in an Order dated February 22, 2022 (*Id.*, at 2). Additionally, Ms. Roberts contends that, at some point after the Court's February 22, 2022, Order, she discovered a recording of a conversation between herself and Mr. Rodgers and advised counsel for defendants that it was pivotal to depose Mr. Rodgers regarding the recording (*Id.*). Ms. Roberts argues that she has a right to depose essential witnesses regarding meaningful documentary evidence that she obtained after the Court entered its February 22, 2022, Order.

For good cause shown, the Court grants defendants' motion to set the deadline for filing dispositive motions (Dkt. No. 47).  The Court sets a dispositive motions deadline of March 1, 2023. Because the discovery Ms. Roberts seeks relates to the claims in the first amended complaint and documents produced after the Court granted, in part, Ms. Roberts' motions to compel, the Court will reopen discovery from the date of this Order until Friday, February 17, 2023.  During this extended period of discovery, Ms. Roberts may conduct discovery related to new claims raised in her first amended complaint and specifically may conduct additional depositions of those individuals previously deposed, including but not limited to Ms. Young-Hobbs, Mr. Rodgers, Mr. Stanger, Mr. McKinnon, and Mr. Wrobleski, limited to the new claims raised in her first amended complaint and the documents produced as a result of the Court's October 22, 2022, Order granting, in part, Ms. Roberts's motions to compel.  The Court denies defendants' motion to continue the May 15, 2023, trial date.

It is so ordered this 7th day of December, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge